UNITED STATES *v.* FRED GEISLER (RAPHAEL SALEM)

**No. 5011.**—Invoice dated Obregon City, Mexico, May 23, 1939.
Entered at Naco, Ariz., May 25, 1939.
Entry No. 54 N.

(Decided October 1, 1940)

*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the plaintiff.
No appearance for the defendant.

DALLINGER, Judge: This collector's appeal to reappraisement involves the question of the dutiable value of a particular importation of wheat bran shipped from Mexico and entered at the port of Naco, Ariz., on May 25, 1939. It was appraised on the basis of the entered value thereof at $9.08826 per ton of 2,000 pounds, plus Mexican taxes of 12 per centum and 4 per centum, plus fee for sanitary inspection of fodders.

At the hearing the Government attorney introduced, as Exhibit 1, a purported affidavit of R. R. Pina, signing for the Cia Molinera Del Rio Yaqui S. A., subscribed and sworn to before A. G. Kibbe on March 23, 1940, who identifies himself as "Designated to Administer Oaths Under Sec. 486, T. A. 1930."

Without stating the source of his knowledge or his qualifications the affiant certifies to a list of sales at various prices as "* * * a true and correct transcript of the sales of wheat bran by Cia. Molinera del Rio Yaqui, S. A. during the month of May 1939."

A careful check of the list of sales shown indicates that the instant shipment is not included in the list.

The plaintiff also offered the testimony of Juan A. Sainz, who testified that he purchases wheat bran from this exporter at a price of 60 Mexican pesos per metric ton. However, the specific shipment referred to in his testimony is not listed in the list of sales shown in Exhibit 1. Furthermore, Exhibit 1 shows two sales to this witness at prices of 60 Mexican pesos and 65 Mexican pesos per ton, without any showing whether the ton consists of 2,000 pounds or 2,200 pounds.

On the record before me I find that the plaintiff has not met the burden of overcoming the presumption of correctness attached to the appraisement.

I therefore find the value found by the appraiser to be the proper dutiable value of the involved merchandise. Judgment will be rendered accordingly.